Isidor Wasservogel, Spec. Ref.
Plaintiffs seek to recover from defendants for accounting and legal services allegedly rendered, the sum of $12,000 (less $2,000 concededly paid to plaintiffs by the corporate defendant, Norton’s Betail Stores, Inc.).
At the commencement of the trial, plaintiffs withdrew their cause of action against the corporate defendant, so that the only defendants here involved are the two individuals, Goldblum and Paisner. Another cause of action sounding in fraud against the individual defendants was dismissed by the court upon defendants’ motion at the end of plaintiff's ’ case. The remaining cause of action, as above noted, is for payment on account of legal and accounting services allegedly performed by plaintiffs on behalf of the individual defendants.
*235 Nothing in the record warrants the conclusion that, plaintiffs were hired or retained by either of the defendants to work for them as attorneys or accountants. The credible evidence establishes that the only service performed by plaintiffs was the arrangement by them of a loan from the Hanover Bank to a factor, and from said factor to a corporation known as “ Jonart Stores, Inc.”. This loan was necessary in order to enable Jonart Stores, Inc., to have funds sufficient to purchase the stock of the corporate defendant, Norton’s Retail Stores, Inc. Contrary to plaintiffs ’ contention, there is no proof that defendants, individually or jointly, agreed to pay them $12,000 for this service. Likewise, there is nothing in the record which establishes plaintiffs’ claim that they performed any legal or accounting services in behalf of either of the individual defendants.
Plaintiffs admittedly received the sum of $2,000 from Norton’s Retail Stores, Inc., which amount, in the opinion of the court, was more than adequate payment for the service rendered by them in the arrangement of the loan from the Hanover Bank. Significantly, the payment of “ fees ” to plaintiffs was always made by Norton’s Retail Stores, Inc. None was made by either of the individual defendants here involved. Similarly, all records kept by plaintiffs were under the corporate heading “ Norton’s Retail Stores, Inc.”, with no indication of any work performed by plaintiffs for either of the individual defendants. Thus, there is nothing to support plaintiffs ’ claim that G-oldblum or Paisner retained them as accountants or attorneys.
All questions of fact are resolved in favor of defendants.
Judgment, accordingly, is rendered in favor of defendants dismissing the complaint on the merits.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.